# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

    v.                                       No.

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act of 1984,18 U.S.C. § 3141 et seq., a detention hearing was held in this case pursuant to 18 U.S.C. § 3142(f) to determine whether there are conditions of release that will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community. This order is a summary of the Court's findings of fact and conclusions of law stated more fully on the record during that hearing. **In the event that the defendant seeks review of this order of detention, the defendant must provide a transcript of the Court's oral ruling to the reviewing court along with this order.**

### PART I -- FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Rebuttable Presumption Under 18 U.S.C. § 3142(e)** (Previous violator): The Court finds that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. This presumption exists because the following conditions are met:

(1) the defendant is charged in a case that involves:

(a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

(b) an offense for which the maximum sentence is life imprisonment or death;

(c) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq., the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46; or

(d) any felony if the person has been convicted of two or more offenses described in paragraphs (1)(a)-(c) above, or two or more state or local offenses that would have been offenses described in paragraphs (1)(a)-(c) if federal jurisdiction had existed, or a combination thereof; and

(2) the defendant has been convicted of a Federal offense that is described in subparagraph c paragraph (1)(a) above, or of a State or local offense that would have been such an offense if a circumstances giving rise to Federal jurisdiction had existed; or

(3) the offense described in subparagraph (1)(a) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; and

(4) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in subparagraph (1)(a) above, whichever is later.

**B. Rebuttable Presumption Under 18 U.S.C. § 3142(e)** (Narcotics, firearm, other offenses): The Court finds that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

(1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46;

(2) an offense under 18 U.S.C. § 924(c), 956(a), or 2332(b);

(3) an offense listed in 18 U.S.C. § 2332b(g)(5) for which a maximum term of imprisonment of 10 years or more is prescribed; or

(4) an offense involving a minor victim under 18 U.S.C. 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of Title 18.

The defendant has not rebutted the presumption.

The defendant has rebutted the presumption.


**C. Section 3142(g) Analysis:** The Court considered the factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of the evidence of the offense charged; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Based upon the information presented and the factors considered, the Court has determined that the defendant must be detained pending trial because:

The government has proved by clear and convincing evidence that the defendant is a danger to the community and that no condition or combination of conditions of release would reasonably assure the safety of the community.

The government has proved by a preponderance of the evidence that there is a serious risk that the defendant would flee if released pending trial and that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required.


The Court provided its analysis of the Section 3142(g) factors and detailed findings in open court at the conclusion of the detention hearing. The reasons for detention include, without limitation, the following:

Lack of stable employment

Prior criminal history

Lack of significant community or family ties in the Northern District of Illinois

Existence of significant family or other ties outside the United States

History of alcohol or substance abuse

Prior failure to appear in court as ordered

Prior attempt(s) to evade law enforcement

Facing lengthy period of incarceration if convicted

Facing deportation after serving any period of incarceration

Past use of alias names

- [x] Weight of evidence against the defendant is strong
- [x] History of violence or use of weapons
- [ ] Engaged in criminal activity while on probation, parole, or supervision

OTHER REASONS OR FURTHER EXPLANATION:

The Court finds that the government met its burden of showing, by a preponderance of the evidence, that no release condition or set of conditions will reasonably assure the defendant's appearance in court as required. The Court therefore orders defendant detained pending trial under 18 U.S.C. Section 3142(e). The Court bases its finding primarily on the defendant's personal history and characteristics, one of the four factors it must consider under Section 3142(g) in this case. Defendant has failed to appear in court or has not complied with judicially imposed conditions at least nine times in five states from 2008 to 2016, and up to and including today when one considers that his most recent bench warrant, out of Seattle, Washington, is still active today. Defendant is domiciled with his mother, or has been on and off for the past 16 years or so, but during that time he has traveled extensively. This travel would not ordinarily be concerning, except that he has been accused of and convicted of various law violations during this travel and while in Illinois, leading the Court to conclude that no set of conditions, including a third-party custodianship with his mother, will be enough to reasonably assure his appearance. Those travels, and their intersection with alleged law violations and actual convictions, are detailed in the Memorandum Opinion and Order being issued with this Order. This Order incorporates by reference the Memorandum Opinion and Order as if set forth fully herein. The Court also has concerns about defendant's reported mental health and the at times inconsistent, at times ineffective treatment and medications he has received. The Court was not persuaded that ordering him to continue receiving this treatment out of custody, as he has been doing anyway, would reasonably assure his appearance. However, when he is in custody, the U.S. Constitution requires him to receive medical treatment sufficient to address his serious medical needs. The record is insufficient now to allow the Court to find, based on defendant's allegations (to which the government has had no opportunity to respond adequately), that he cannot receive this treatment while in custody, but defendant's allegation that his medical needs are being neglected in custody is an issue the Court can and will continue to monitor. With respect to other factors, the nature and circumstances of the offense are grave and severe, implicating as they do the dangerous act of setting a police car on fire in the middle of a crowded demonstration on a downtown Chicago street. The weight of the evidence strong, though disputed (this is the least important of the Section 3142(g) factors). And the nature of the risk to the community's safety in the event of release is not so much implicated by the grounds for detention here, as those grounds relate to the Court's concerns about defendant's nomadic activities as he was failing to appear before courts in multiple states.

Having found that the government met its burden as to flight risk, the Court will not reach the issue of danger to the community or to any other person, and the Court makes no finding as to that issue.

## PART II -- DIRECTIONS REGARDING DETENTION

The defendant is remanded to the custody of the United States Marshal or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART III -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should the defendant appeal this detention order, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court.

IT IS FURTHER ORDERED that if the defendant seeks to be released to a third party, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

DATE:

United States Magistrate Judge