IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 20 CR 260 |
| v. | ) | |
| | ) | Judge Wood |
| TIMOTHY O'DONNELL, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO SUPPRESS CERTAIN POST-ARREST STATEMENTS**

Defendant, Timothy O'Donnell, by and through his undersigned CJA appointed counsel, respectfully moves this Court for the entry of an Order suppressing certain post-arrest statements that he made during custodial interrogation on June 2, 2020, and in support he states as follows:

**Factual Background[1]**

It is undisputed that Mr. O'Donnell was interviewed on June 2, 2020 by three members of law enforcement, in a cramped custodial interrogation setting, after he was arrested and given his *Miranda* rights. The Government has produced to Mr. O'Donnell and his counsel a copy of the video and audio recording of that interrogation. In light of the fact that the Government has the original of that tape and copies of it, Defendant respectfully requests that the Government provide a copy of it to this Court for review in connection with its Response to this

---

[1] Counsel for Mr. O'Donnell has not provided the Court with any affidavits in connection with this Motion because there are no disputed factual questions for this Court to address in connection with this Motion. What Mr. O'Donnell uttered on the videotape is not in dispute and can be clearly heard. In any event, this Court will be the one called upon to decide what Mr. O'Donnell stated, not Mr. O'Donnell.

Motion.

At approximately fifty-six minutes and forty-nine seconds (56:49 ) into that interrogation (based upon the time elapsed stamp on the video), and continuing for approximately ten (10) seconds, Mr. O'Donnell can be audibly and clearly heard invoking his Constitutionally protected right to the assistance of counsel. At that point of the interrogation, Mr. O'Donnell very clearly stated . . . "I'm in fear . . . I'm not going to say anything further on that matter without a lawyer present."

In response, the three members of law enforcement completely ignored that assertion, as if had not even been uttered at all. They did not stop their questioning Mr. O'Donnell, much less make any attempt whatsoever to allow Mr. O'Donnell to attempt to obtain or consult with counsel, or to inquire into his request for counsel. This, of course, was directly contrary to the lead Agent's admonitions to Mr. O'Donnell, at the beginning of the interrogation, that he could stop the questioning at any time and seek the advice of counsel. *See* videotape, at approximately 38:50. Moreover, the three members of law enforcement had already been put on notice by Mr. O'Donnell that he was on a substantial medication regimen. *Id.* at approximately 40:15-41:00.

**Legal Analysis**

It is well-established that a suspect subject to custodial interrogation has the right to remain silent and the right to consult with an attorney, as well as to have counsel present during questioning. *See Miranda v. Arizona*, 384 U.S. 436, 468-73 (1966); *United States v. Littledale*, 652 F.3d 698, 701 (7th Cir.2011). "To protect a suspect's Fifth Amendment right against compelled self-incrimination, custodial interrogations must be preceded by the familiar Miranda warnings, including a warning that the suspect has a right to an attorney at state expense during

2

questioning; if the suspect invokes the right to counsel, he 'is not subject to further interrogation . . . until counsel has been made available to him, unless [he] himself initiates further communication, exchanges, or conversations with the police.'" *United States v. Hampton*, 675 F.3d 720, 727 (7th Cir.2012) (*quoting United States v. Edwards*, 451 U.S. 477, 484–85 (1981)). Moreover, if there is any ambiguity at all with respect to whether a suspect has invoked his right to counsel, "[L]aw enforcement are required to verify whether an individual has invoked his right to an attorney where the invocation is ambiguous." *United States v. Key*, 162 F.Supp.3d 674 (N.D. Ill. 2016) (Judge Kendall granting defendant's motion to suppress his post-arrest statements) (*citing United States v. Hunter*, 708 F.3d 938, 942 (7th Cir.2013) (strongly encouraging officers to clarify whether a suspect wants an attorney once the suspect makes an ambiguous statement).

 Based upon that well-settled decisional law, any and all statements made by Mr. O'Donnell after he invoked his right to counsel, i.e., at or about the 56:_ mark of the videotape, must be suppressed. There was no ambiguity with respect to Mr. O'Donnell's invocation of his right to counsel. The members of law enforcement present actually simply ignored Mr. O'Donnell's plea, and plowed right on with their interrogation of him. They had a duty, at that point in time, to immediately stop their questioning of Mr. O'Donnell.

 To the extent that the Government attempts to claim, in its Response to this Motion, that Mr. O'Donnell's words created or resulted in any ambiguity as to what he was requesting (which there was not), his Motion to suppress should still be granted because law enforcement had an affirmative obligation to make further inquiry – but made no attempt at all to do so. Moreover, any claimed ambiguity is impossible for the Government to rely upon where, as here, as evidenced by the videotape, the three law enforcement agents were literally about three feet

away from Mr. O'Donnell during the interrogation.

**WHEREFORE**, Mr. O'Donnell, through his undersigned counsel respectfully requests the entry of an Order quashing, in part, Mr. O'Donnell's post-arrest statements as set forth above, and for such other and further relief as is appropriate.

**Respectfully submitted,**

By: /s/ Michael I. Leonard
     **Counsel for Mr. O'Donnell**

**LEONARMEYER LL**
Michael I. Leonard
120 North LaSalle, Suite 2000
Chicago, Illinois 60602
(312)380-6559 (phone)
(312)264-9671 (fax)
mleonard@leonardmeyerllp.com

**GREENBERG TRIAL LAWYERS**
Steven Greenberg
53 W. Jackson Street
Suite 1260
Chicago, IL 60604
(312)399-2711 (phone)
Steve@GreenbergCD.com

### CERTIFICATE OF SERVICE

     The undersigned states that, on September 9, 2020, he EFILED by way of this Court's ECF filing system, the above Motion, and therefore served it upon all counsel of record.

By:/s/ Michael I. Leonard
     **Counsel for Mr. O'Donnell**