**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **20 CR 260** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge Wood** |
| | ) | |
| **TIMOTHY O'DONNELL,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S *MOTION FOR LEAVE TO FILE, INSTANTER,* MOTION *IN LIMINE***

Defendant, Timothy O'Donnell, by and through his undersigned CJA appointed counsel, respectfully moves this Court for the entry of an Order granting him leave to file, *instanter*, the following consolidated Motions *in limine*, and states as follows:

1.  Defendant's counsel inadvertently failed to properly calendar the date for the filing of Motions *in limine*. Accordingly, counsel seeks leave to file, *instanter*, the following Motions *in limine*, as further set forth below.

2.  Defendant's counsel conferred with Government counsel on this same date regarding this Motion, and the Government has no objection to the Defendant's filing of these Motions *in limine*:

**NO. 1:**
**MOTION TO BAR THE GOVERNMENT FROM REFERENCING OR INTRODUCING PICTURES OR VIDEO OF THE DEFENDANT PRIOR TO, OR AFTER THE OCCURRENCE**

The Government should be barred from introducing or referencing at trial pictures or

videos of the Defendant, which were taken prior to, or subsequent to, the occurrence at issue.

Here, the occurrence at issue constitutes the actions of the Defendant with respect to the police

car that was damaged and later sent on fire by members of the crowd assembled. The

Government has produced pictures and video taken of the Defendant which are far afield from

that charged occurrence. Such images include, but are not limited to, a picture taken by a

bystander prior to the occurrence, and in a wholly different area, in which Defendant is near

words that someone else had written or spray painted on a bridge that make negative reference to

Chicago police and cops. Similarly, the Government appears to intend to rely upon video or

pictures of the Defendant after the occurrence, where one can see in the distance that the police

car has been caused to be set on fire.

None of these types of images have any relevance to the crime charged. However, it

appears that the Government intends to introduce them for the sole purpose of putting the

Defendant in a bad light. Defendant's identity and presence near the occurrence are not at issue.

Accordingly, the Government should be barred from introducing or referencing these images

because they are not relevant. Furthermore, any purported relevance is substantially outweighed

by the danger of undue prejudice to the Defendant, and juror confusion – and thus such

"evidence" should be barred under Rule 403.

**NO. 2:**
**MOTION TO BAR THE GOVERNMENT FROM REFERENCING OR**
**INTRODUCING ANY EVIDENCE RELATING TO ANY PRIOR CHARGES**
**OR CONVICTIONS INVOLVING THE DEFENDANT**

As this Court will recall, Defendant has some minor criminal history arising out of the

time that he spent touring the country as a young man. None of those offenses bear any

resemblance to any the crime charge, nor are they relevant to the instant offense. For those

2

reasons, the Government should be barred from referencing or introducing any evidence of those acts and convictions. They are not relevant to any issue in this case, including with respect to the credibility of the Defendant. Further, any conceivable relevance is substantially outweighed by the danger of unfair prejudice to the Defendant, and juror confusion. Again, the jury should decide this case based upon the occurrence at issue, and should not be misled or distracted by other prior conduct of the Defendant. Accordingly, any and all such prior offenses and acts should be barred pursuant to Rule 403, Rule 404(b), and Rule 609.

### NO. 3:
### MOTION TO BAR THE GOVERNMENT FROM INTRODUCING TESTIMONY FROM ITS ARSON "EXPERT"

The Government intends to introduce the "expert" testimony of Special Agent Ryan Noble ("Noble") of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). However, the Government has hedged somewhat on whether this individual is even an "expert" by stating that "the government **believes** [that he] **may qualify** as an expert witness." *See* Government's Disclosure, attached hereto as an Exhibit (emphasis and brackets added).

In its Disclosure, the Government states that Noble "will testify about the burning of CPD vehicle PD 9570 near 201 North State Street, Chicago, Illinois on or about May 30, 2020." *Id.* The Government further states that "we expect Special Agent Noble to testify that the damage to the interior and exterior of the vehicle were caused by fire. We further expect Special Agent Noble to testify that the fire likely was the result of intentional human acts and was classified as "incendiary."

There is simply no need for this irrelevant testimony. There is no dispute in this case that the police vehicle was damaged by fire. Similarly, there is no dispute that the crowd, or someone in it, caused the vehicle to be set on fire. Accordingly, to the extent that Noble is in fact an

3

"expert," his testimony will **not** "help the trier of fact to understand the evidence or to determine a fact in issue," and therefore it should be barred. *See* Rule 702. Whether he is an expert or not, his testimony should still be barred. He is not a fact witness. He did not observe the occurrence. Accordingly, there is no need for this after-the-fact musings about what happened. Those are questions for the jury to determine. In any event, his testimony in either capacity is not relevant, and any alleged relevance is substantially outweighed by the danger of undue prejudice and juror confusion. Indeed, the jury will not understand that his testimony is entitled to no weight, and is of no consequence to its determinations. This attempt at "gilding the Lilly" should be stopped in its tracks.

**Finally, because even the Government appears unclear about whether Noble can even qualify as an expert, Mr. O'Donnell's counsel requests that this Court set a *Daubert* hearing so that they can cross-examine him under oath, in-person.**

### NO 4:
### MOTION TO BAR THE GOVERNMENT FROM INTRODUCING DEFENDANT'S ARREST PHOTO

The Government should be barred from introducing Mr. O'Donnell's arrest photo. It is entirely irrelevant to any issue in this case. Moreover, any conceivable relevance is substantially outweighed the danger of under prejudice to Mr. O'Donnell and should be barred under Rule 403.

### NO 5:
### MOTION TO BAR THE GOVERNMENT FROM INTRODUCING CERTAIN EXTRACTION REPORTS

The Government has identified, and apparently intends to introduce, voluminous materials taken off of Mr. O'Donnell's cell phone, by way of an image of that phone, in addition to materials extracted from Mr. O'Donnell's personal Facebook account. These Reports have

been identified on the Government's Preliminary Witness List as Exhibits 301 and 302. These materials are not relevant to the crime charged. Moreover, once again, any conceivable relevance is substantially outweighed the danger of under prejudice to Mr. O'Donnell and should be barred under Rule 403. The jury should not be distracted by the sideshow of the materials from Mr. O'Donnell's phone and Facebook account, and should not and should not be allowed to comb through these irrelevant materials as part of their deliberations.

### NO 6:
### MOTION TO BAR THE GOVERNMENT FROM INTRODUCING A "SUMMMARY" VIDEO OF ITS OTHER VIDEOS

The Government intends to introduce a "summary" video of the other videos that it intends to introduce at trial. This video has been identified on the Government's Preliminary Witness List as Exhibit 207. There is no reason for this video. The evidence in this case consists of, among other things, the *actual* videos depicting the charged act. Accordingly, this summary video is not relevant, and any purported relevance is substantially outweighed by the danger of undue prejudice and juror confusion. In short, the jury should be focused on the actual video footage and not some potentially misleading assemblage of the actual video footage. This evidence should also be barred as cumulative.

### NO 7:
### MOTION TO BAR THE GOVERNMENT FROM INTRODUCING CUMULTIVE EVIDENCE OF THE CPD POLICE CAR THAT WAS DAMAGED

According to the Government's Preliminary Exhibit List, the Government intends to introduce more than three dozen pictures of the CPD car that was damaged. There is simply no reason for this repetitious, cumulative, and thus ultimately irrelevant evidence. Clearly, the Government's purpose in introducing that type of volume of the same evidence is to prejudice Mr. O'Donnell and to overstate the serious of the crime. Therefore, this Court

5

should substantially limit the Government from introducing this obviously cumulative evidence.

**WHEREFORE**, Defendant, Mr. O'Donnell, by through his undersigned counsel,

respectfully requests the entry of an Order, *in limine*, barring the above-referenced evidence and

testimony; for a hearing to examine Noble under oath; and for such other and further

relief as is appropriate.

                         **Respectfully submitted,**

                         **By: /s/ Michael I. Leonard**
                             **Counsel for Mr. O'Donnell**

**LEONARD TRIAL LAWYERS LLC**
Michael I. Leonard
120 North LaSalle, Suite 2000
Chicago, Illinois 60602
(312)380-6559 (phone)
(312)264-9671 (fax)
mleonard@leonardtriallawyers.com

**GREENBERG TRIAL LAWYERS**
Steven Greenberg
53 W. Jackson Blvd., Suite 1260
Chicago, IL 60604
(312)399-2711 (phone)
Steve@GreenbergCD.com

## CERTIFICATE OF SERVICE

The undersigned states that, on November 22, 2021, he EFILED by way of this Court's ECF filing system, the above Motion and accompanying Exhibit, and therefore caused to be served all counsel of record.

By:/s/ Michael I. Leonard

Counsel for Mr. O'Donnell